TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section
ALEXANDRA YOUNG (Cal. Bar No. 336004)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805
E-mail: Alexandra.Young@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANELL GREEN,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS A. COLLINS, IN HIS OFFICIAL CAPACITY AS SECRETARY OF VETERANS AFFAIRS,<br><br>Defendant. | No. 2:25-cv-05754-JFW-MBK<br><br>**JOINT STIPULATION FOR PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Michael B. Kaufman]<br><br>Honorable Michael B. Kaufman<br>United States Magistrate Judge |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel and subject to Court approval, that a Protective Order be issued to limit the disclosure and use of specified documents and information in this litigation.

## I. PURPOSE OF JOINT STIPULATION FOR PROTECTIVE ORDER

1. Plaintiff Janell Green alleges Title VII claims against Defendant Douglas A. Collins, his official capacity as the Secretary of the United States Department of Veterans Affairs ("VA"), arising from her employment with the VA in Los Angeles, CA.

2. This action is likely to involve Plaintiff's medical and financial history for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such private and confidential materials and information consist of, among other things, Plaintiff's medical records, tax documents, and other similar documents and information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. Accordingly, in connection with discovery proceedings in this action, the Parties may designate Plaintiff's medical records, tax documents, and other sensitive medical or financial documents (the "Protected Material") "Confidential" under the

terms of this Joint Stipulation for Protective Order.

4. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5. This Stipulation is not intended to affect the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or other authority, nor is it intended to alter any burden of proof regarding the assertion of a privilege.

6. Neither the Joint Stipulation nor the Protective Order constitutes a ruling on whether a particular document or category of information is discoverable or admissible.

## II. DISCLOSURE AND USE OF PROTECTED MATERIAL

7. The Protected Material designated as subject to the Protective Order is to be used for the purpose of this litigation.

8. Protected Material may be disclosed to the Court, to counsel for a Party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

a. Party, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

b. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c. court reporter(s) employed in this action;

d. during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information, unless otherwise agreed by

the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

e. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

f. any other person to whom the Parties in writing agree.

9. The Parties have the right to use Protected Material in all preparations for trial.

10. Prior to the case proceeding to trial, the Parties agree that Protected Material will not be filed with the Court unless redacted or filed under seal in compliance with Civil Local Rule 79-5 unless the Court otherwise orders.

## III. SCOPE

11. Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

12. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## IV. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

13. If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstances not authorized under this Protective Order, the Party will (a) notify in writing the other Parties of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**V. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

14. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**VI. <u>DURATION</u>**

15. Once a case proceeds to trial, all of the information to be introduced that was previously designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).

16. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time

pursuant to applicable law.

**VII. MISCELLANEOUS**

17. Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future.

18. By stipulating to the entry of this Protective Order, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**VIII. FINAL DISPOSITION**

19. After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section VI. (DURATION).

20. The parties agree to the foregoing provisions in both form and substance, and consent to entry of the concurrently filed [Proposed] Protective Order.

Dated: July 20, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section

*/s/ Alexandra Young**
ALEXANDRA YOUNG
Assistant United States Attorney

Attorneys for Defendant United States of America

Dated: July 20, 2026

MACKIE LAW, APC

/s/ *Megan A. Mackie*
MEGAN MACKIE, ESQ.

Attorneys for Plaintiff Janell Green

* Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

FOR GOOD CAUSE SHOWN, THE COURT HEREBY APPROVES THE STIPULATION FOR PROTECTIVE ORDER.

IT IS SO ORDERED.

Dated: 07/27/2026

HONORABLE MICHAEL B. KAUFMAN
United States Magistrate Judge

# **<u>EXHIBIT A</u>**

## **<u>Acknowledgment and Agreement to Be Bound</u>**

I, ____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Janell Green v. Douglas A. Collins*, United States District Court for the Central District of California, Civil Action No. 2:25-cv-05754-JFW-MBK, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court.

Dated: ________________________________

______________________

[NAME]